IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEDRICK DEMOND, | § | |
| Plaintiff. | § | No. 3:25-MC-069-K-BW |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sedrick Demond initiated this miscellaneous action by filing a document titled Declaration to an Open Court of Record in Equity that was received on September 3, 2025. (Dkt. No. 2.) On January 21, 2026, he submitted what he titled Notice of Intent to Maintain Account & Demand for Commercial Accounting. (Dkt. No. 3.) And, on January 23, he submitted a Notice of Entry into Court of Record. (Dkt. No. 4.) This action has been referred to the undersigned magistrate judge for case management.

Notably, Demond does not name a defendant in this action. In fact, in the filing that initiated this action, Demond characterized his document as a "Non-Adversarial Filing." (*See* Dkt. No. 1 at 1.) The omission of any defendant and filing as a non-adversarial action implicates the Court's subject matter jurisdiction; that is, the "power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). The Court is required to consider its jurisdiction sua sponte, if necessary. *See Louisiana v. United States Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first.").

"Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (citing U.S. Const. art. III, § 2, cl. 1). Therefore, "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016).

"At the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017) ("Standing of the constitutional variety—the well-known injury, causation, and redressability trifecta—is a question of subject matter jurisdiction.").

"[T]he party invoking federal jurisdiction has the burden of proof to show standing." *Summers v. Louisiana*, No. 22-30763, 2023 WL 4265758, at *1 (5th Cir. June 29, 2023) (unpublished) (citing *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015)); *see also Hopkins v. Hoseman*, 76 F.4th 378, 392 (5th Cir. 2023) ("The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." (cleaned up)).

Demond has not named a defendant in this action, nor does he allege any injury from unlawful conduct traceable to a defendant's conduct. His filings do not show that this miscellaneous action presents an actual case or controversy under

Article III such that the Court has subject matter jurisdiction and, therefore, the power to adjudicate.  *See Robinson v. Kimbrough*, 558 F.2d 773, 774 (5th Cir. 1977) (en banc) ("There being no defendants in the case who have any duty, power or authority with respect to the challenged provision of [the statute], the claim that it is unconstitutional, facially or as applied, was not an actual controversy between real parties.  It lacked 'the "exigent adversity" which is an essential condition precedent to federal court jurisdiction.'"  (quoting *Gras v. Stevens*, 415 F. Supp. 1148, 1150 (S.D.N.Y. 1976) (three-judge panel)).

Because this miscellaneous action presents no case or controversy, the Court should dismiss the action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on May 26, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).